# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RETAIL MANAGEMENT SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>AUTO~STAR COMPUSYSTEMS, INC.,<br><br>Defendants. | No.<br><br>COMPLAINT |

Plaintiff Retail Management Solutions, LLC ("RMS") alleges the following:

## PARTIES

1. Plaintiff, Retail Management Solutions, LLC, is a limited liability company duly organized and existing under the laws of the State of Washington, with its principal place of business located in Thurston County, Washington. At all times relevant, Plaintiff was in the business of licensing and servicing of point of sale technology systems for retail pharmacies.

2. Defendant, Auto~Star Compusystems, Inc. ("Auto~Star"), is a corporation with its principal place of business in Medicine Hat, Alberta, Canada. Based on information and belief, Auto~Star is duly organized and existing under the laws of the Province of Alberta, Canada. At all times relevant, Auto~Star was in the business of developing and

COMPLAINT - 1

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
999 THIRD AVE., SUITE 3000
SEATTLE, WASHINGTON 98104
(206) 464-0404 (SEATTLE)
FACSIMILE (206) 464-0484

F:\60800-60899\60804 retail management\00003\auto star lawsuit\Complaint 5-12-14

licensing state-of-the-art point of sale and retail management software, and conducted business in the State of Washington.

**JURISDICTION**

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Plaintiff's principal place of business is in Washington State, Defendant is incorporated and headquartered in Alberta, Canada, and the amount in controversy exceeds $75,000.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

4. On or about November 5, 2004, RMS and Auto~Star entered into a Software Master Distribution Agreement ("Agreement") by which RMS, among other things, obtained a license from Auto~Star allowing RMS to sell and service to RMS's pharmacy customers, Auto~Star's most current version of certain computer software programs for the pharmacy vertical market ("Software").

5. Soon after the effective date of the Agreement, RMS began to sell the Software to its pharmacy customers and service the software pursuant to the terms of the Agreement. The Agreement has not been canceled or terminated and continues in full force and effect as of this date. RMS continues to sell and service the Software as of this date.

6. As part of its marketing efforts promoting the Software, Auto~Star represented and continues to represent, among other things, that Auto~Star "provides frequent updates to its solutions to insure that customers have access to the most recent technology on the market" and that Auto~Star "strives to provide its client base with timely upgrades and new versions of its core product." (Quotes taken from Auto~Star website.)

7. On or about August, 2007, Auto~Star sent RMS a notice advising RMS that "printing partial or entire credit card numbers and expiry dates on customer receipts" violated the Fair and Accurate Credit Transactions Act ("FACTA"). The notice further instructed RMS how to modify the Software in order to remove the expiration date from the point of sale

COMPLAINT - 2

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
999 THIRD AVE., SUITE 3000
SEATTLE, WASHINGTON 98104
(206) 464-0404 (SEATTLE)
FACSIMILE (206) 464-0484

F:\60800-60899\60804 retail management\00003\auto star lawsuit\Complaint 5-12-14

credit card receipts. As soon as RMS received the notice, it modified the Software to ensure compliance with FACTA.

8. On or about 2008, Auto~Star distributed to its Master Distributors, including RMS, a software installation CD (version 8.0) that updated the Software so that it would not print credit card numbers and expiration dates on customer receipts. Version 8.0 of the Software effectively complied with the requirements of FACTA. RMS immediately began using version 8.0 of the Software as soon as it was available.

9. On or about January, 2011, Park Nicolett Health Services ("Park Nicolett") purchased the Software from RMS and entered into a Sales & Software License Agreement ("Park Nicolett Agreement") with RMS. The Park Nicollett Agreement is in a form drafted and approved by Auto~Star. The Park Nicolett Agreement allows Park Nicolett to, among other things, utilize the Software in its retail pharmacy stores. The Park Nicolett Agreement has not been canceled or terminated and continues in full force and effect as of this date.

10. The Park Nicolett Agreement requires, among other things, that RMS install the Software for Park Nicolett and maintain the Software during the term of the Park Nicolette Agreement.

11. In 2011, RMS installed the Software in Park Nicolett's retail pharmacy system the most current updated version of the Software (version 8.1.2). Unknown to RMS, software version 8.1.2 did not comply with FACTA and instead allowed point of sale receipts to print the credit card expiration dates.

12. Because Auto~Star had previously corrected the Software with its updated version 8.0, so that it no longer would print retail receipts in violation of FACTA, RMS reasonably assumed that the later, updated version of the Software, version 8.1.2, was in full compliance with FACTA. Auto~Star failed to notify RMS that version 8.1.2 of the Software did not comply with the requirements of FACTA.

COMPLAINT - 3

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
999 THIRD AVE., SUITE 3000
SEATTLE, WASHINGTON 98104
(206) 464-0404 (SEATTLE)
FACSIMILE (206) 464-0484

F:\60800-60899\60804 retail management\00003\auto star lawsuit\Complaint 5-12-14

13. In September 2012, Park Nicolett notified RMS that Park Nicolett had been sued in a class action lawsuit filed in the United States District Court of Minnesota ("Class Action"). The plaintiff in the Class Action alleged that a receipt issued by Park Nicolett on July 26, 2012, at one of Park Nicolett's retail pharmacies, included the printed credit card expiration date in violation of FACTA. Park Nicolett demanded that RMS pay for all costs and damages incurred by Park Nicolett resulting from the Class Action, because the FACTA violations alleged by the Class Action plaintiff were caused by Auto~Star's Software sold and maintained by RMS.

14. On April 1, 2013, Park Nicolett entered into a settlement agreement with the Class action plaintiff ("Settlement") subject to final approval by the United States District Court. The United States District Court approved the Settlement on September 11, 2013. As of this date, RMS has paid a partial amount of Park Nicolette's costs arising out of the Class Action lawsuit and obligations required by the terms of the Settlement. Park Nicolett continues to claim damages against RMS for all of its litigation costs and obligations required by the Settlement.

### FIRST CAUSE OF ACTION
(Breach of Contract)

15. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 14 of this Complaint as though fully set forth herein.

16. Pursuant to the terms of the Agreement, Auto~Star was obligated to provide the Software in its "most current version." Section 1 (f) of the Agreement provides the following:

> "*Product*" and "*Products*" shall mean the most current version of Developer's computer software programs for the pharmacy vertical market in machine readable object code as listed on Exhibit A hereto (the "Software") and Developer's most current proprietary, copyrighted User Manuals in electronic form associated therewith. The term "Product" shall include all modifications and enhancements to such computer programs as provided by Developer, and all authorized back-up or archival copies.

COMPLAINT - 4

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
999 THIRD AVE., SUITE 3000
SEATTLE, WASHINGTON 98104
(206) 464-0404 (SEATTLE)
FACSIMILE (206) 464-0484

17. Section 8 (d) of the Agreement requires that Auto~Star provide RMS with maintenance and support for the Software.

18. In 2011, Auto~Star provided RMS with Software version 8.1.2, which was installed in Park Nicolett's retail pharmacy system. Based on information and belief, Software version 8.1.2 was the then most current version of the Software and did not include all prior enhancements and updates to the Software in breach of Sections 1(f) and 8(d) of the Agreement.

19. Section 1 (g) (iii) of the Agreement requires Auto~Star to provide RMS with "updates, enhancements, and new versions" of the Software.

20. Prior to Auto~Star's development of Software version 8.1.2, the Software incorporated updates and enhancements to ensure that the Software was compliant with FACTA. Software version 8.1.2 did not include such prior updates and enhancements and it failed to comply with FACTA in breach of Sections 1 (g), 6 and 8 (a) of the Agreement.

21. Auto~Star's breaches of the Agreement proximately caused damages to RMS in an amount greater than $75,000, to be proved at trial.

22. According to the terms of the Agreement (Section 4), RMS was required to submit its proposed standard form customer agreement for approval by Auto~Star. RMS submitted its standard form customer agreement to Auto~Star's and Auto~Star approved RMS's standard form which included, among other things, a requirement that RMS indemnify the customer for the negligence of RMS or for any claims arising out of or related to the Software. Such claims by RMS's customers, including Park Nicollet, were reasonably foreseeable by Auto~Star at the time that it entered into the Agreement with RMS.

23. The Agreement (at Section 16 (f)) provides that "the prevailing party shall be entitled to reasonable attorney's fees and all costs of proceedings incurred in enforcing this

COMPLAINT - 5

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
999 THIRD AVE., SUITE 3000
SEATTLE, WASHINGTON 98104
(206) 464-0404 (SEATTLE)
FACSIMILE (206) 464-0484

F:\60800-60899\60804 retail management\00003\auto star lawsuit\Complaint 5-12-14

Agreement." RMS is entitled to its reasonable attorney's fees and costs incurred in the prosecution of this action.

## SECOND CAUSE OF ACTION
### (Breach of Warranty)

24. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. Pursuant to the terms of the Agreement (at Section 10 (a)) Auto~Star warranted that the Software would "perform in substantial conformity to the product description set forth in the Documentation that accompanies the Product, or as it may exist from time to time."

26. When Auto~Star issued Software version 8.0, on or about 2008, Auto~Star represented that Software version 8.0, had been enhanced and updated so that it no longer would allow the printing of the expiration date on credit card receipts, in compliance with FACTA. Version 8.0 did in fact comply with FACTA.

27. When Auto~Star issued Software version 8.1.2 in 2011, Auto~Star breached its warranty because version 8.1.2, did not conform to Auto~Star's prior written assurances that the Software was fully compliant with FACTA.

28. Auto~Star's breach of warranty proximately caused damages to RMS in an amount greater than $75,000, to be proved at trial.

29. The Agreement (at Section 16 (f)) provides that "the prevailing party shall be entitled to reasonable attorney's fees and all costs of proceedings incurred in enforcing this Agreement." RMS is entitled to its reasonable attorney's fees and costs incurred in the prosecution of this action.

COMPLAINT - 6

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
999 THIRD AVE., SUITE 3000
SEATTLE, WASHINGTON 98104
(206) 464-0404 (SEATTLE)
FACSIMILE (206) 464-0484

F:\60800-60899\60804 retail management\00003\auto star lawsuit\Complaint 5-12-14

## PRAYER FOR RELIEF

1. For judgment against Auto~Star for damages in excess of $75,000.00, in an amount according to proof at trial;

2. For judgment against Auto~Star for reasonable attorneys' fees and costs according to the terms of the Agreement; and

3. For such other and further relief as the Court may deem just and equitable.

DATED this day of May 21, 2014.

VANDEBERG JOHNSON & GANDARA, LLP


By _____
Daniel Gandara
WSBA No. 8635
Attorneys for Plaintiff

COMPLAINT - 7

VANDEBERG JOHNSON & GANDARA, LLP
ATTORNEYS AT LAW
999 THIRD AVE., SUITE 3000
SEATTLE, WASHINGTON 98104
(206) 464-0404 (SEATTLE)
FACSIMILE (206) 464-0484

F:\60800-60899\60804 retail management\00003\auto star lawsuit\Complaint 5-12-14